UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MIGUEL CRESPO,

                                        Plaintiff,

                    -against-
                                                        20 Civ. 2637 (PKC)

NATIONAL RAILROAD PASSENGER CORPORATION,
GEORGE GERNON, and JOSEPH NATIVO,

                                        Defendants.
------------------------------------------------------------------------X

## PROPOSED JURY CHARGE

Plaintiff respectfully requests that the Court give to the jury the following instructions at

the trial of the above-captioned action.

Dated:  New York, New York
        September 13, 2021


                            /s/
                            Gregory Paul Mouton Jr., Esq.
                            Law Office of Gregory P. Mouton, Jr., LLC
                            *Attorneys for Plaintiff Miguel Crespo*
                            1441 Broadway, 6th Floor
                            New York, NY  10018
                            Phone: (646) 706-7481

**PROPOSED JURY INSTRUCTIONS FOR THE BEGINNING OF TRIAL**

**<u>REQUESTED JURY INSTRUCTION NO. 1</u>**

<u>Opening Instructions & Statement</u>

We are about to begin the trial of the case you heard about during the jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

The claims in this case arise from the arrest and prosecution of, and use of excessive force against, Plaintiff Miguel Crespo.  On May 31, 2017, Mr. Crespo was standing outside of the Blarney Stone, a bar near Penn Station in Manhatta.  Defendants Joseph Nativo and George Gernon overhead Mr. Crespo mention the Amtrak Police Department, which they are both officers of, and stopped and engaged Mr. Crespo in conversation.

During the course of the conversation, Defendants Nativo and Gernon demanded Mr. Crespo's identification, threatened to use their tasers on him unless he produced his identification. When Mr. Crespo produced his identification which was inside of his wallet, he also had a small, plastic mini-NYPD detective badge pinned inside of his wallet.

Defendants Nativo and Gernon arrested Mr. Crespo for impersonation of a public servant. Mr. Crespo further alleges that, following the arrest, Defendants Nativo and Gernon forwarded false evidence to the prosecutor, including telling the prosecutor that Mr. Crespo identified himself as a "Statie", which is a term for a New York State police officer.

The two individual defendants are law enforcement officers with the Amtrak Police Department.  They deny plaintiff's allegations that they violated Plaintiff's constitutional rights.

During the present trial, you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the ones you are likely to hear most often during the trial. The party who sues is called the plaintiff. The plaintiff in this case is Miguel Crespo.  The parties being sued are called the defendants. The defendants in this case are Amtrak Police Department members, Defendants Joseph Nativo and George Gernon, along with their employer, National Railroad Passenger Corporation, which is also known as Amtrak.

Mr. Crespo claims that the Defendant Nativo and Gernon falsely stopped and searched him; falsely arrested him; used excessive force against him; fabricated evidence against him; maliciously abused process against him; failed to intervene in each others' violation of his rights; conspired against him; assaulted him; and battered him.  Mr. Crespo further claims that the defendants, including Amtrak, was negligent on the date in question.  Finally, Mr. Crespo claims that Amtrak negligently supervised Defendants Gernon and Nativo; negligently retained Defendants Gernon and Nativo as employees; and are liable to Mr. Crespo for being deliberately indifferent to constitutional violations by Defendants Gernon and Nativo such that Amtrak tacitly approved of their actions.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the

trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement, or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers during a recess, or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority:      3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 101:01 (6thed.) (hereinafter <u>Federal Jury Practice</u>); *Nnodimele v. City of New York*, Dkt. 116, at 2-11.


## <u>REQUESTED JURY INSTRUCTION NO. 2</u>

### <u>Juror Conduct</u>

As far as your own conduct during the trial, I must caution you that you are not to discuss this case either among yourselves or with anyone else during the trial.

You must not permit any third person to discuss this case in your presence, and if anyone does so, despite your telling them not to, you should report that fact to me. I understand that it is a normal human tendency to want to talk with people with whom one comes into contact; however, please do not, during the time you serve on this jury, speak, whether in or out of the courtroom, with any of the parties, their lawyers or any of the witnesses. By this I mean do not speak about the case and do not speak at all even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions on the law. You will then be in a position to intelligently and fairly exchange your views with other jurors as you deliberate upon the verdict to be submitted to you.

- Since you will be deciding this case solely on the evidence received along with my instructions on the law, you must not make any independent investigation of the facts orthe law.

- Do not research any information that you personally think might be helpful to you inunderstanding the issues presented.

- Do not investigate this case on your own in any manner, shape or form.

- Do not read any newspaper reports or listen to any news reports on radio, television or onthe Internet.

- Do not visit the scene—including on the internet.

- Do not conduct experiments.

- Do not consult dictionaries, computers, websites, or other reference materials for additional information.

- Do not seek information regarding the public records of any party, witness or lawyer in this case. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties wouldnot have the opportunity to refute, explain, or correct it.

- Do not communicate with anyone about this trial or your experience as a juror

while you are serving on this jury.

- Do not use a computer, cell phone, or other electronic device with communication capabilities to share any information about this case. For example, do not communicate by blog, email, text message, Twitter, Facebook status update, or in any other way, on oroff the computer.

- Do not permit anyone to communicate with you. If anyone does so despite your telling the person not to, you should report that to me. I appreciate that it is tempting when you go home in the evening to discuss this case with another member of your household or friends, but you may not do so. This case must be decided by you, the jurors, based on the evidence presented in the courtroom. People not serving on this jury have not heard the evidence, and it is improper for them to influence your deliberations and decision in this case. After this trial is completed, you are free to communicate with anyone in any manner.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me. If jurors do not comply with these rules, it would result in a new trial involving additional time and significant expense to the parties and the taxpayers.

Authority:          Federal Jury Practice § 101:12.

## <u>REQUESTED JURY INSTRUCTION NO. 3</u>

<u>Note-taking—Permitted</u>

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings. Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

<u>Authority:</u>        <u>Federal Jury Practice</u> § 101:15.

## PROPOSED JURY INSTRUCTIONS FOR THE END OF TRIAL

## REQUESTED JURY INSTRUCTION NO. 4

General Introduction
Province of the Court and jury

Ladies and Gentlemen of the Jury:

You have now heard all the evidence in the case as well as the final arguments of the parties. I am now going to instruct you on the law.

My instructions will be in three parts:

First:   I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this;

Second:   I will instruct you as to the legal elements of the claims in this case; and

Third:  I will give you some general rules regarding your deliberations.

## I.      GENERAL RULES

Let me start by defining our respective roles as judge and jury. Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case. You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence. Therefore, with respect to any question concerning the facts, it is your recollection of the facts – not counsel's recollections, as expressed in the opening or closing statements, or my recollections, if I have made any references to testimony – that controls.

My job is to instruct you on the law.  You must apply the law to the facts of this case, as you find them, in accordance with my instructions.  If any party has stated a legal principle which

differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law.

You should not single out any instruction as alone stating the law. Rather, you should consider my instructions as a whole. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or don't understand the reasons for some of the rules, you are bound to follow them.

Since it is your job – not mine – to find the facts, I have neither expressed nor attempted to intimate any opinion about how you should decide the facts of the case. You should not interpret anything I have said or done as expressing an opinion about the facts. For example, the fact that I may have ruled certain evidence admissible should not be interpreted as indicating that I have any opinion about the credibility of that evidence or the weight it should be given.

<u>Authority</u>:      <u>Federal Jury Practice</u> § 103:01; 5 Sands, Siffert Loughlin, Reiss & Batterman, <u>Modern Federal Jury Instructions</u>, 71-2, 71-3 (2016) (hereinafter <u>Modern Federal Jury Instructions</u>).

## <u>REQUESTED JURY INSTRUCTION NO. 5</u>

<u>Consideration of Evidence</u>

You must determine the facts in this case based solely on the evidence or those inferences that can reasonably be drawn from the evidence. I will now instruct you on what evidence is and how you should consider it.  Evidence has been presented to you in the following forms:

First:  Sworn testimony from the witnesses, both on direct examination and cross examination, is evidence. I emphasize that it is the witnesses' answers that are evidence; the questions asked of the witnesses are not evidence. At times, the plaintiff or defense lawyers may have incorporated into questions a statement which assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of the statement, and if there was no other evidence introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a question.

Second: Exhibits that have been received in evidence by the court are evidence.

Certain other things are not evidence and you are to disregard them in deciding what the facts are.

 First:  Arguments or statements by the lawyers are not evidence.

Second:  Objections to questions are not evidence. Speaking of objections, it is the right and duty of an attorney to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask me to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All of those questions of law must be decided by me. From time to time, I may have also admonished an attorney for improper questions or objections.  You should not show any prejudice against a party

or an attorney because of an objection, a request for a conference out ofthe hearing of the jury, or

a request for a ruling on the law. Nor should you draw any inference from such a ruling as that is

a matter of law for the Court.

Do not consider testimony that has been excluded, stricken or that you have been instructed

to disregard. On the other hand, if an objection was raised as to a certain question or testimony,

and that objection was overruled, treat the answer like any other testimony in the case.

Third:  Anything I may have said or done is not evidence.

Fourth: Obviously, anything you may have seen or heard outside the courtroom is not

evidence.

Authority:        Modern Federal Jury Instructions, 74-1, 71-3; Federal Jury Practice § 103:30;

*Wilkins v. Am. Export Isbrandtsen Lines, Inc.*, 446 F.2d 480 (2d Cir. 1971).

## REQUESTED INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition. The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts.

There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence, but simply requires that your verdict must be based on all the evidence presented.

Authority:          Modern Federal Jury Instructions, 74-2.


## REQUESTED JURY INSTRUCTION NO. 7

### Witness Credibility

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility and may choose to disbelieve all or part of any witness's testimony. In making that decision, you may take into account any number of factors, including the following:

1.      The witness's opportunity to see, hear, and know about the events he or she described;

2.      The witness's ability to recall and describe those things;

3.      The witness's manner in testifying;

4.      The reasonableness of the witness's testimony in light of all the other evidence in the case;

5.      The interest of a witness in the outcome of the trial. However, the fact that a witness is an interested witness does not necessarily make him or her less believable than a witness who is not interested. It is for you to determine from the behavior of such a witness while he or she testified and from your general experience in judging people whether or not that person's testimony has been shaded or colored by his or her interest, either intentionally or unintentionally. Similarly, you may consider the

relationship that each witness bears to either side in this litigation – such as evidence that some witnesses were involved in the incident – and the manner in which each witness might be affected by the verdict.

6.      Whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence. However, in deciding whether or not to believe a witness, bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or contradiction may be due to an innocent mistake, or due to an intentional falsehood. Consider, therefore, whether it has to do with an important fact or a small detail. Also bear in mind that two people witnessing a single event may observe and remember it differently.

7.      If a witness is shown to have knowingly testified falsely concerning any material fact, you may disregard the witness's testimony in whole or in part. But a witness may have been mistaken or may have lied as to part of the testimony and be accurate as to other parts.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:        <u>Federal Jury Practice</u> § 105:01; <u>Modern Federal Jury Instructions</u>, 76-1; *Dyer v.MacDougall*, 201 F.2d 265 (2d Cir. 1952); *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946).


<u>**REQUESTED INSTRUCTION NO. 8**</u>

<u>Impeachment by Prior Inconsistent Statements</u>

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you to decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Authority:        <u>Modern Federal Jury Instructions</u>, 76-5.

## **REQUESTED JURY INSTRUCTION NO. 9**

### Single Witness

The weight of the evidence is not determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The testimony of a single witness which produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Authority:        Federal Jury Practice § 103:01.

## PROPOSED JURY INSTRUCTION NO. 10

### Police Witnesses

You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement.

Authority:        Eighth Circuit, Manual of Model Civil Jury Instructions § 3.03 (2008); *United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002); *Butler v. City of Camden*, 352 F.3d 811, 816 (3d Cir. 2003); Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:8 (updated Nov. 2015) (available on Westlaw in the POLICEMISC database).

## REQUESTED JURY INSTRUCTION NO. 11

### No Sympathy or Bias

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy or prejudice as to any party. All persons are equal before the law, and are entitled to the same fair consideration. All of the parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:        Federal Jury Practice § 103:01.

**REQUESTED JURY INSTRUCTION NO. 12**

Multiple Defendants

Although there are two individual defendants in this case, it does not follow that if one is liable, the other is liable as well. Each individual defendant is entitled to fair, separate and individual consideration without regard to your decision as to the other individual defendant. If you find that only one individual defendant is responsible for a particular injury, then you must impose damages for that injury only upon that individual defendant.

Authority:      Federal Jury Practice § 103:14; Modern Federal Jury Instructions, 77-2.

**REQUESTED JURY INSTRUCTION NO. 13**

Demonstrative Exhibits

Both parties in this case have used what are known as "demonstrative exhibits" -- animation, charts, diagrams, etc. These demonstrative exhibits were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these demonstrative exhibits than you would give to the evidence upon which they are based.

It is for you to decide whether these demonstrative exhibits correctly present the information contained in the testimony and in the exhibits on which they are based. You are entitled to consider these demonstrative exhibits if you find that they are of assistance to you in analyzing and understanding the evidence.

Authority:          Modern Federal Jury Instructions, 74-12.

## II.          **SUBSTANTIVE LAW**

### **REQUESTED JURY INSTRUCTION NO. 14**

#### Burden of Proof

The plaintiff must prove his claims by a preponderance of the evidence. That means that it is more likely true than not true. If you could weigh the evidence on scales, and the evidence tips the scales—even ever so slightly—in favor of the plaintiff, then plaintiff proved his case.

Proof to an absolute certainty is not required, since proof to an absolute certainty is seldom possible in any case. Nor is proof beyond a reasonable doubt required. That standard is for criminal cases as you may have seen on television and you should put it out of your mind. This is a civil case.

To determine whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:          Federal Jury Practice § 104:01; Modern Federal Jury Instructions, 73-2, 87-67; *Larson v. Jo Ann Cab Corp.*, 209 F.2d 929 (2d Cir. 1954).

## **REQUESTED JURY INSTRUCTION NO. 15**

### Essential Elements of a Section 1983 Claim

As I explained to you at the beginning of the trial, the Federal Civil Rights law protects individuals from being harmed by State officials who violate their constitutional rights.

To establish liability, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the defendants acted under color of state law;

Second, that the defendants deprived the plaintiff of rights secured by the Constitution; and

Third, that the defendants' acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Authority:       Modern Federal Jury Instructions, 87-68; *Eagleston v. Guido*, 41 F.3d 865,875-76 (2d Cir. 1994).

## REQUESTED JURY INSTRUCTION NO. 16

### Acting Under Color of State Law as a Matter of Law

The first element of Plaintiff's claim is that Defendants acted under color of state law.

Here, I instruct you that Defendants acted at all times in their official capacity as members of the Amtrak Police Department. They therefore acted under color of state law.  You do not need to consider this element; it has been met.

Authority:   Modern Federal Jury Instructions, 87-70; *West v. Atkins*, 487 U.S. 42, 50 (1988)("a public employee acts under color of state law while acting in his official capacity").

## REQUESTED JURY INSTRUCTION NO. 17

### Deprivation of a Federal Right – General

The second element of Plaintiff's claim is that he was deprived of a federal constitutional right by one or al of the defendants.  Mr. Crespo claims as follows:

> First, that he was unlawfully stopped by Defendants Gernon and Nativo;

> Second, that he was unreasonably searched by Defendants Gernon and Nativo;

> Third, that he was falsely arrested by Defendants Gernon and Nativo;

> Fourth, that he was subjected to excessive force by Defendants Gernon and Nativo;

> Fifth, that Defendants Gernon and Nativo maliciously abused process against him;

> Sixth, that Defendants Gernon and Nativo fabricated evidence against Mr. Crespo;

> Seventh, that Defendants Gernon and Nativo, to the extent they did not participate in the violation of his consitutitonal rights, failed to intervene in the violation of Mr. Crespo's rights; and

Eighth, that Defendant Amtrak is liable for the violation of Mr. Crespo's Constitutional rights based on an official policy, practice, or custom.

I will instruct you in detail as to what Mr. Crespo must show to establish each of the claimed violations of his constitutional rights. If you find that Mr. Crespo meets those requirements as to any one or more of the claimed violations of his constitutional rights, you must find in Mr. Crespo's favor and award him any damages that were proximately caused by those violations.

Mr. Crespo need not show that the defendant intended to deprive him of his constitutional rights. The fact that the defendant had no specific intent or purpose to deprive Mr. Crespo of his constitutional rights will not absolve him from liability if the defendant did in fact deprive Mr. Crespo of those rights, so long as defendant's acts themselves were intentional rather than accidental.

<u>Authority</u>: *Hudson v. City of New York*, 271 F.3d 62, 68-69 (2d Cir. 2001) (holding that specific intent is not an element of a § 1983 claim).

**REQUESTED JURY INSTRUCTION NO. 18**

<u>Deprivation of a Federal Right – Unreasonable Seizure of Person</u>

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officers at the time:

> 1.  the officers had a reasonable suspicion that the person seized was engaged in criminal activity; and

> 2.  the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that Defendants Nativo and Gernon lacked reasonable suspicion to stop him or that the length and scope of the stop was excessive.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.

In determining whether the length and scope of the seizure was reasonable, consider how the Defendants Nativo and Gernon restricted the plaintiff's liberty and Defendant Nativo and Gernon's reasons for using such methods and for the length of the stop.

<u>Authority</u>:  Ninth Circuit Model Civil Jury Instruction § 9.19.

**REQUESTED JURY INSTRUCTION NO. 19**

<u>Deprivation of a Federal Right – Unreasonable Search</u>

As previously explained, the plaintiff has the burden to prove that the acts of Defendants Gernon and Nativo deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges that Defendants Nativo and Gernon deprived him of his rights under the Fourth Amendment to the Constitution when they searched his person and his bag.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person. In order to prove Defendants Nativo and Gernon deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

> 1. Defendants Nativo and Gernon searched the plaintiff's person and/or bag;
>
> 2. in conducting the search, Defendants Nativo and Gernon acted intentionally; and
>
> 3. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove Defendants Nativo and Gernon meant to search the plaintiff's person and bag. Although the plaintiff does not need to prove the defendants intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

<u>Authority</u>:  Ninth Circuit Model Civil Jury Instruction § 9.11.

**REQUESTED JURY INSTRUCTION NO. 20**

Deprivation of a Federal Right – False Arrest

Mr. Crespo alleges a claim of false arrest against Defendants Nativo and Gernon. Under the United States Constitution, no person may be arrested without probable cause for such an arrest. This means that the police officers who made the arrest must collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime.

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officers' shoes, the actual subjective beliefs of the officers is irrelevant to the determination of probable cause.

An arrest conducted without an arrest warrant is presumptively unlawful. Therefore, it is Defendant Nativo's and Defendant Gernon's burden to show by a preponderance of the evidence that they had probable cause to believe that Mr. Crespo had committed or was about to commit a crime at the time that of his arrest.

Under the New York Penal Law § 190.25(3),

> A person is guilty of criminal impersonation in the second degree when he (a) Pretends to be a public servant, or wears or displays without authority any uniform, badge, insignia or facsimile thereof by which such public servant is lawfully distinguished, or falsely expresses by his words or actions that he is a public servant or is acting with approval or authority of a public agency or department; and (b) so acts with intent to induce another to submit to such pretended official authority, to solicit funds or to otherwise cause another to act in reliance upon that pretense.

If you find that Defendants Gernon and/or Nativo failed to show by a preponderance of the evidence that they had probable cause to arrest Mr. Crespo for the aforementioned crime, you must

find in Mr. Crespo's favor and award him any damages that were proximately caused by the false

arrest.

You must award at least compensatory damages if you find that Mr. Crespo was subjected

to a false arrest.

<u>Authority</u>: (first paragraph adapted from) Sand, *Modern Federal Jury Instructions*, Instruction 87-
74A; *Whren v. United States*, 517 U.S. 806, 813 (1996) (subjective intentions irrelevant to probable
cause analysis); *United States v. Cruz*, 834 F.2d 47, 51 (2d Cir. 1987) (collective knowledge of
officers); *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 39-40 (2d Cir. 1985) (burden of proof);
*Amore v. City of Ithaca*, 2008 U.S. Dist. LEXIS 26035 (N.D.N.Y Mar. 28, 2008) (burden of proof);
*Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) (entitlement to compensatory
damages); N.Y. Penal Law §§ 190.25(3).

## REQUESTED JURY INSTRUCTION NO. 21

<u>Deprivation of a Federal Right – Excessive Force</u>

Plaintiff alleges that Defendants Nativo and Gernon used excessive force against him when

they threatened him with their Tasers, handcuffed Mr. Crespo excessively tightly, and when

Defendant Nativo attempted to shove Mr. Crespo to the ground.  The Fourth Amendment protects

people from being subjected to excessive force.

A law enforcement official may not use any amount of force if no force is reasonably

necessary under the circumstances. To determine whether defendant's acts caused plaintiff to

suffer the loss of a constitutional right, you must determine whether a reasonable officer would

have used force under similar circumstances. In making this determination, you may take into

account such factors as the severity of the circumstances, whether plaintiff posed an immediate

threat to the safety of the defendant or others, and whether plaintiff actively resisted. If you find

that the force used against plaintiff would not have been employed by a reasonable officer under the circumstances, plaintiff will have established the claim of loss of a constitutional right.

### REQUESTED JURY INSTRUCTION NO. 22

<u>Deprivation of a Federal Right – Malicious Abuse of Process</u>

In order to establish liability for malicious abuse of process under § 1983, a plaintiff must establish that the defendant: (1) employed regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.

With respect to the first element, the desk appearance ticket that was issued to Mr. Crespo by Defendants Nativo and Gernon constitutes regularly issued legal process.  As such, this element has been met and you need not consider it.

With respect to the second and third elements, a claim of malicious abuse of process requires process be issued with intent to do harm without excuse or justification, for a collateral objective outside the legitimate ends of process. Only an improper purpose suffices to meet the "collateral objective" requirement. Thus, to state a claim for abuse of process, it is not sufficient for a plaintiff to show that the defendants were seeking to retaliate against him by pursuing his arrest or prosecution or by issuing subpoenas. Instead, he must prove that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution.

This claim is asserted against both Defendants Gernon and Nativo, and you should consider whether Mr. Crespo has established each element of the cause of action against each individual defendant separately.

Authority: *Hoffman v. Town of South Hampton*, 893 F. Supp. 2d 438, 447 (E.D.N.Y. 2012) (noting that appearance tickets constitute regularly issued legal process)).

## REQUESTED JURY INSTRUCTION NO. 23

Deprivation of a Federal Right – Fabrication of Evidence

I will now instruct you on the law regarding plaintiff's fabrication of evidence claim. Under the Constitution, every person has a right not to be prosecuted on the basis of evidence that is fabricated and/or altered by government officials. The government's fabrication and/or alteration of evidence violates the Constitution if (1) an investigating official; (2) fabricates evidence; (3) that is likely to influence a jury's decision; (4) provides that information to prosecutors; and (5) the plaintiff suffers a deprivation of liberty as a result. Probable cause is not a defense to this claim.

The question before you on this claim is whether the plaintiff has proven that Defendant Nativo and/or Defendant Gernon created false evidence and provided that evidence to prosecutors resulting in a deprivation of plaintiff's liberty. If you determine that Defendant Gernon or Defendant Nativo provided false evidence to prosecutors – in the form of Gernon or Nativo's claims about Mr. Crespo's conduct – then you must find for Mr. Crespo on this claim.

With respect to showing a deprivation of liberty, I instruct you that, as a matter of law, plaintiff has suffered a deprivation of liberty as a result of the arrest. Specifically, he was arrested

and subjected to compulsory criminal process.  These facts establish, as a matter of law, that plaintiff suffered a deprivation of liberty, and you need not consider this issue during your deliberations.

<u>Source</u>: *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 268 (2d Cir. 2016).

### REQUESTED JURY INSTRUCTION NO. 24

<u>Deprivation of a Federal Right – Failure to Intervene</u>

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence. I instruct you that an officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable, you must conclude that the following elements have been met:

> First: that a defendant subjected plaintiff to an unlawful act;
>
> Second: that another defendant observed those actions and knew they were unlawful;
>
> Third: that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and

Fourth: that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

If you determine that Mr. Crespo's rights were violated and that violation was observed by another defendant who failed to intervene, you must find for plaintiff on this claim.

<u>Source</u>: Martin A. Schwartz & Judge George C. Pratt, *Section 1983 Litigation Jury Instructions*, Instruction 7.02.2; *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence).

## REQUESTED JURY INSTRUCTION NO. 25

<u>Related State Law Claims</u>

Plaintiff also has brought claims for unreasonable stop, unreasonable search, false arrest, excessive force, malicious abuse of process, and fabrication of evidence under New York State law. However, the elements for the state law claims are identical to the federal claims and, thus, the instructions I have just given you apply to those state law claims as well.

**REQUESTED JURY INSTRUCTION NO. 26**

<u>Official Policy, Practice, or Custom</u>

In order to prevail on his § 1983 claim against Defendant Amtrak alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

> 1. Defendants Gernon and Nativo acted under color of law;
>
> 2. the acts of Defendants Gernon and Nativo deprived the plaintiff of his particular rights under the United States Constitution; and
>
> 3. Defendants Gernon and Nativo acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Defendants Gernon and Nativo acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant Amtrak.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant Amtrak.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions 18, 19, 20, 21, 22, 23, or 24, your verdict should be for the plaintiff.

<u>Authority</u>:  Ninth Circuit Model Civil Jury Instruction § 9.4.

## REQUESTED JURY INSTRUCTION NO. 27

<u>Assault</u>

Plaintiff claims that Defendants Gernon and Nativo assaulted him in May 31, 2017.  The purpose of assault laws is to deter people from committing threatening acts against others. To establish an assault claim, the Plaintiff must show the following by a preponderance of the evidence:

> 1. Defendant intended to place Plaintiff in fear of harmful or offensive physical contact; and

> 2. Plaintiff feared imminent harmful or offensive contact from Defendant.

> 3. Defendant actually caused Plaintiff to fear imminent harmful or offensive contact.

This claim is asserted against both Defendants Gernon and Nativo, and you should consider whether Mr. Crespo has established each element of the cause of action against each individual defendant separately.

If the Plaintiff has proven these elements by a preponderance of the evidence, then he has proven enough for you to render a verdict in his favor.

<u>Authority</u>:  Adapted from *Charkhy v. Altman,* 252 A.D.2d 413, 414 (1st Dept. 1998), citing *United Natl Ins. Co. v. Waterfront N.Y. Realty Corp.,* 994 F.2d 105, 108 (2nd Cir. 1993); *see also* N.Y. Penal Law Section 35.05 ("Justification generally"); N.Y. Pattern Jury Instr. – Civil - PJI 3:2 (Intentional Torts – Interference with Person or Property – Assault).

**REQUESTED JURY INSTRUCTION NO. 28**

*Respondeat Superior* - Assault

Plaintiff also claims that Defendant Amtrak is liable for the actions of its officers, Gernon and Nativo, when in the course of acting on behalf of Amtrak, they assaulted Plaintiff.

An employer is liable for its employees' wrongful conduct when that conduct was done while the employees were acting on behalf of the employer.

In order to prove Defendant Amtrak is liable for the assaults by Gernon and Nativo against Plaintiff, Plaintiff must prove the following elements by a preponderance of the evidence:

1.  Defendant is an employer;

2.  Employees of Defendant committed the challenged conduct;

3.  Defendant's employees acted within the scope of employment;

4.  Defendant's employees intended to place Plaintiff in fear of imminent harmful or offensive contact; and

5.  Plaintiff was placed in fear of imminent harmful or offensive contact by Defendant's employees.

6.  Defendant's employee's conduct actually caused Plaintiff to fear imminent harmful or offensive contact.

The first three elements are undisputed and, as such, need not be considered by you.  If Plaintiff has proven the remaining elements by a preponderance of the evidence, he has proven enough so that you may render a verdict in his favor on this claim.

## REQUESTED JURY INSTRUCTION NO. 29

<u>Battery</u>

Plaintiff claims that Defendants Nativo and Gernon battered him on May 31, 2017. The purpose of battery laws is to deter people from committing physical acts of violence against others. To establish a battery claim outside the context of a lawful arrest, the Plaintiff must show the following by a preponderance of the evidence:

    1.  Defendant intended to make wrongful physical contact with Plaintiff;

    2.  Plaintiff did not consent to the physical contact; and

    3.  Defendant caused harm to Plaintiff.

This claim is asserted against both Defendants Gernon and Nativo, and you should consider whether Mr. Crespo has established each element of the cause of action against each individual defendant separately.

If the Plaintiff has proven these elements by a preponderance of the evidence, then he has proven enough for you to render a verdict in his favor.

<u>Authority</u>:  Battery outside the context of a lawful arrest language adapted from *Charkhy v. Altman,* 252 A.D.2d 413, 414 (1st Dept. 1998), citing *United Natl Ins. Co. v. Waterfront N.Y. Realty Corp.,* 994 F.2d 105, 108 (2nd Cir. 1993); *see also* N.Y. Penal Law Section 35.05 ("Justification generally"); N.Y. Pattern Jury Instr. – Civil - PJI 3:2 (Intentional Torts – Interference with Person or Property – Battery); *see also* Restatement of Torts, 2d, §13; Causation-in-fact language adapted from *Univ. of Tex. Southwestern Med. Ctr. v. Nassar,* 133 S. Ct. 2517 (2013) (Causation in fact—i.e., proof that the defendant's conduct did in fact cause the plaintiff's injury—is a standard requirement of any tort claim). Battery within the context of a lawful arrest language adapted from *Graham v. Connor,* 490 U.S. 386 (1989); *Caravalho v. NYC,* 13-cv-4174 (PKC), 2016 WL 1274575, at *9-12.

**REQUESTED JURY INSTRUCTION NO. 30**

*Respondeat Superior* - Battery

Plaintiff also claims that Defendant Amtrak is liable for the actions of its officers, Nativo and Gernon, when in the course of acting in Amtrak's interests, they battered Plaintiff. Like the assault claims against Defendant Amtrak, Amtrak is liable for its employees' wrongful conduct when that conduct was done while the employees were acting on behalf of the Amtrak.

In order to prove Defendant Amtrak is liable for the batteries of Nativo and Gernon against Plaintiff, Plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendant is an employer;

2. Employees of Defendant committed the conduct;

3. Defendant's employees acted within the scope of employment;

4. Defendant's employees intended to make wrongful physical contact with Plaintiff;

5. Plaintiff did not consent to the contact; and,

6. Defendant's employees harmed Plaintiff.

The first three elements are undisputed and, as such, need not be considered by you.  If Plaintiff has proven the remaining elements by a preponderance of the evidence, he has proven enough so that you may render a verdict in his favor on this claim.

**REQUESTED JURY INSTRUCTION NO. 31**

Damages

I will now instruct you on the law of damages. The fact that I am instructing you on the law of damages does not mean that I have any opinion as to whether or not the Plaintiff has proven any or all of his claims. You are to consider the issue of damages only in the event that you first decide that Plaintiff has proven one of his claims by a preponderance of the evidence. And you are to award damages only against the particular Defendant or Defendants you found liable for violating plaintiff's rights.

Authority:        Federal Jury Practice § 106:02; Modern Federal Jury Instructions, 77-1.

**REQUESTED JURY INSTRUCTION NO. 32**

Compensatory Damages

If the Plaintiff has proved all three essential elements of any of his claims, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury caused by Defendants' misconduct.

Your calculation of damages should be based on the value of the injuries suffered by Mr. Crespo. Compensatory damages include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

- *Physical harm or discomfort*;

- *Emotional pain and suffering*, including any fear, humiliation, or mental anguish Mr. Crespo experienced, and any fear, humiliation, or mental anguish that Mr. Crespo is reasonably certain to experience in the future;

- *Loss of a normal life*, including the loss of family connections and family interactions, loss of relationships, and loss of companionship; and

- *Loss of liberty*, for the period spent in a wrongful confinement.

Although your damages verdict must be based on evidence, and not mere speculation, no evidence of the dollar value of physical harm, emotional pain and suffering, loss of a normal life, or loss of liberty has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on these categories. You are to determine an amount that will fairly compensate Mr. Crespo for the injuries that he has sustained.

Compensatory damages must not be based on speculation or sympathy.  They must bebased on the evidence presented at trial.

Authority:      Modern Federal Jury Instructions, 87-87; Federal Civil Jury Instructions for the Seventh Circuit § 7.23; Third Circuit Model Civil Instruction § 4.8.1; *Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004); *Larez v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994); *In re Exxon Valdez*, 229 F.3d 790, 798-99 (9th Cir. 2000); *see also Lanzano v. City of New York,* 71 N.Y.2d 208, 212-13 (1988).

## **REQUESTED JURY INSTRUCTION NO. 33**

<u>Punitive Damages</u>

In addition to compensatory damages for pain and suffering, you may consider awarding Mr. Crespo punitive damages on his constitutional claims. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to that defendant and others not to engage in similar conduct in the future.

You may award punitive damages against Defendants Nativo and Gernon if you find that either Defendant's conduct was (1) motivated by malicious intent, or (2) if you find his conduct involved reckless or callous disregard for Mr. Crespo's rights.

For purposes of punitive damages, you may find that either Defendant Nativo or Gernon was motivated by malicious intent if you find his actions were prompted by ill will or spite towards Mr. Crespo.  Defendant Nativo and Gernon's actions would be malicious if they consciously desired to violate federal rights of which they were aware, or if they consciously desired to injure Mr. Crespo in a manner they knew to be unlawful.

Reckless or callous disregard means more than mere negligence; it means that the conduct was highly unreasonable and created risks to Mr. Crespo's rights so obvious that Defendants Nativo and Gernon must have been aware of those risks.

If you decide that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes I have described to you – you should consider the degree to which the Defendant should be punished for his wrongful conduct toward Mr. Crespo, and the degree to

which an award of one sum or another will deter that defendant or others from committing similar wrongful acts in the future.

In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of Defendants Nativo and Gernon's conduct;

- The impact of Defendants Nativo and Gernon's conduct on Mr. Crespo;

- Whether Defendants Nativo and Gernon acted in a deliberately deceptive manner;

- Whether Defendants Nativo and Gernon engaged in more than one act of misconduct,or a single act;

- The amount of harm actually caused by Defendants Nativo and Gernon's acts; and

- The harm that could result if such acts are not deterred in the future.

<u>Authority:</u>         Federal Civil Jury Instructions for the Seventh Circuit § 7.24; Third Circuit ModelCivil Jury Instructions, § 4.8.3; *DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (quoting *Smith v. Wade,* 461 U.S. 30, 56 (1983)); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 309 (S.D.N.Y. 2001); *South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98, 109 (2nd Cir. 2009).

**III.**        <u>**DELIBERATIONS**</u>

<u>**REQUESTED INSTRUCTION NO. 34**</u>

<u>Closing Instructions</u>

I have now outlined for you the rules of law applicable to the issues in this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes you will retire to the jury room for your deliberations.

Traditionally, juror number one acts as foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.

In order to prevail, the Plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his claim. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict in favor of the Defendants on that claim.

When you are in the jury room, you may now discuss the case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors.

Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember thatthe parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors: well and truly to try the issues of this case and a true verdict render.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of thejury. No member of the jury should ever attempt to communicate with me or with any Court personnel by any means other than writing. I will not communicate with any member of the juryon any subject touching on the merits of this case other than in writing or orally here in open court.

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see all or some of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or to see the trial transcript regarding any matter, I will call you into Court andhave the court reporter read those portions of the testimony to you or send responsive portions ofthe trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form.  I suggest, however, that you be specific in your requests so as to avoid hearing testimony or receiving portions of the trial transcript that you do not need to assist you in your deliberations.

If, in the course of your deliberations, you wish further help as to the law, or if you wish to hear any further explanation as to the law, you may send me a note telling me what you wouldlike.

Bear in mind also that you are not to reveal to any person – not even in open court – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Any verdict you reach must be unanimous.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

To assist you in this regard, I have prepared a verdict form for your use. Follow the instructions that accompany each question.  Your verdict as to each question must be unanimous. The verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must (be unanimous and must) reflect the conscientious judgment of each juror.  Depending on your answer to each question, the verdict form will instruct you on whether to answer the next question or not.  Pay careful attention to these instructions and make sure to answer only the applicable questions. Although I will provide each of you with a copy of the verdict form, please recall that your unanimous verdict must be recorded on the foreperson's verdict form.

Before now asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

(The attorneys will come to the side bar to make any exceptions).(Swear Marshals).

<u>Authority:</u>    <u>Modern Federal Jury Instructions</u>, 78-3, 78-9.