UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

MIGUEL CRESPO,

                        Plaintiff,

         -against-

NATIONAL RAILROAD PASSENGER
CORPORATION, GEORGE GERNON, and
JOSEPH NATIVO,

                       Defendants.

------------------------------------------------------------- X

**DEFENDANTS' PROPOSED
REQUEST TO CHARGE**

20-cv-02637-PKC

Defendants National Railroad Passenger Corporation ("Amtrak"), Sergeant George Gernon, and Sergeant Joseph Nativo (collectively referred to as "Defendants"), through its undersigned counsel, respectfully request the following jury charges at the trial of this matter.

In addition to these proposed requests, Defendants respectfully request that this Court also instruct the jury with its usual charges on:

> Statements of counsel;
> Consider only testimony and exhibits;
> Functions of Court and jury; and
> Weighing testimony.

Because these requests are based on Defendants' present understanding of the case, Defendants respectfully reserve their rights to amend or supplement these proposed instructions to conform to the evidence presented at trial and to the Court's rulings on evidentiary matters as required.

# TABLE OF CONTENTS

Request No. 1
Role of the Jury .................................................................................................................... 1

Request No. 2
Juror Oath .......................................................................................................................... 3

Request No. 3
Sympathy ............................................................................................................................ 4

Request No. 4
Parties ................................................................................................................................. 5

Request No. 5
Multiple Defendants ........................................................................................................... 6

Request No. 6
Witness Credibility ............................................................................................................. 7

Request No. 7
Impeachment-Inconsistent Statements or Conduct-Falsus in Uno Falsus in Omnibus ...... 9

Request No. 8
Interested Witness ............................................................................................................. 10

Request No. 9
Burden of Proof ................................................................................................................ 11

Request No. 10
Preponderance of the Evidence ......................................................................................... 12

Request No. 11
42 U.S.C. § 1983 General Instruction ............................................................................... 13

Request No. 12
Elements of a Section 1983 Claim .................................................................................... 14

Request No. 13
Definition .......................................................................................................................... 15

Request No. 14
State Official Acting Under Color of State Law as a Matter of Law ................................ 16

Request No. 15
Private Actor Engaged in State Action ..................................................................17

Request No. 16
General Instruction ...............................................................................................18

Request No. 17
Unlawful Arrest .....................................................................................................19

Request No. 18
Officers' Knowledge in Determining Probable Cause .........................................24

Request No. 19
State of Mind - General..........................................................................................25

Request No. 20
State of Mind - Intentional ....................................................................................26

Request No. 21
State of Mind - Recklessness .................................................................................27

Request No. 22
Proximate Cause - Generally .................................................................................28

Request No. 23
Qualified Immunity................................................................................................30

Request No. 24
False Arrest ............................................................................................................32

Request No. 25
Assault....................................................................................................................34

Request No. 26
Battery....................................................................................................................36

Request No. 27
Excessive Force .....................................................................................................38

Request No. 28
Causation and Damages .........................................................................................39

Request No. 29
Compensatory Damages ................................................................................41

Request No. 30
Compensatory Damages Not Guesswork ......................................................42

Request No. 31
Damages-Reasonable-Not Speculative ........................................................43

Request No. 32
Mitigation of Damages .................................................................................44

Request No. 33
Damage Award Is Not Taxable.....................................................................46

Request No. 34
Nominal Damages.........................................................................................47

Request No. 35
Attorneys' Fees .......................................................................................... 48

Request No. 36
Punitive Damages ...................................................................................... 49

Request No. 37
No Punitive Damages Against Amtrak.........................................................51

Request No. 38
Punitive Damages - Clear and Convincing Evidence Required ...................52

Request No. 39
No Duty to Call All Witnesses......................................................................53

**Request No. 1**

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence.  Nor is what I may have said - or what I may say in these instructions - about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are

1

expressly to understand that the court has no opinion as to the verdict you should render in this case.

      As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

> Modern Federal Jury Instructions,
> Ch. 71, Instruction 71-3 (Sand, 1997)

2

**Request No. 2**

**<u>Juror Oath</u>**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

Modern Federal Jury Instructions
Ch. 71, Instruction 71-4 (Sand, 1997)

3

**Request No. 3**

**<u>Sympathy</u>**

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Modern Federal Jury Instructions<br>Ch. 71, Instruction 71-10 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 4**

**<u>Parties</u>**

In this case, one of the defendants, National Railroad Passenger Corporation ("Amtrak"), is a railroad.  The mere fact that one of the parties is a railroad does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and railroads, big or small, are entitled to the same fair consideration as you would give any other individual party.

Modern Federal Jury Instructions
Ch. 72, Instruction 72-1 (Sand, 1997)(modified)

**Request No. 5**

**<u>Multiple Defendants</u>**

Although there are three defendants in this action, it does not follow from the fact alone that if one is liable, the others are liable. Each of these defendants is chargeable only for his own individual actions and each defendant is entitled to fair consideration of his own defenses. No individual defendant should be prejudiced by your findings of the facts against the other defendants. So in this case we in effect have three cases: Plaintiff against Amtrak; Plaintiff against Amtrak Police Sergeant George Gernon; and Plaintiff against Amtrak Police Sergeant Joseph Nativo.

Vetters v. Berry, 575 F.2d 90, 95 (6th Cir. 1978)

6

**Request No. 6**

**<u>Witness Credibility</u>**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.)  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said of did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor - that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things

7

about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Modern Federal Jury Instructions
Ch. 76, Instruction 76-1 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 7**

**Impeachment-Inconsistent Statements or**
**Conduct-Falsus in Uno Falsus in Omnibus**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to discredit such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Devitt, Blackmar & Wolff, Fedl. Jury
Prac. & Instr. § 73.04 (4th ed. 1987)

9

**Request No. 8**

**<u>Interested Witness</u>**

The plaintiff is an interested witness in this case. An interested witness is not necessarily less believable than a disinterested witness. The fact that the plaintiff is interested in the outcome off the case does not mean that the plaintiff has not told the truth on the witness stand. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by the plaintiff's interest.  You may choose, if you consider it proper under all of the circumstances, not to believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of plaintiff's testimony as you find reliable and reject such part as you find unworthy of acceptance.

1A New York Pattern Jury Instructions
PJI 1:91 (3d ed. 1998)

**Request No. 9**

**<u>Burden of Proof</u>**

I shall shortly instruct you on the elements of plaintiff's claims, and on the elements of defendants' qualified immunity defense.

The plaintiff has the burden of proving each and every element of each of his claims by a preponderance of the evidence. If you find that any one of the elements of any of the plaintiff's claims has not be proven by a preponderance of the evidence, you must return a verdict for the defendants on those claims.

The defendants have the burden of proving each element of their affirmative defense. I shall shortly instruct you on the elements of this defense. If you find that any one of the elements of defendants' defense has not been proven by a preponderance of the evidence, you must disregard the defense.

Modern Federal Jury Instructions
Instructions 87-67 (Sand, 1997)

11

**Request No. 10**

**<u>Preponderance of the Evidence</u>**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendants as to that claim.

As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the defendants, as I will explain.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be provided is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3 Devitt, Blackmar & Wolff
Fedl. Jury Prac. & Instr. § 85.15 (4th ed. 1987)(modified)

**Request No. 11**

**<u>42 U.S.C. § 1983 General Instruction</u>**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Modern Federal Jury Instructions
Instruction 87-65 (Sand, 1997)

13

**Request No. 12**

**<u>Elements of a Section 1983 Claim</u>**

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff, Miguel Crespo.

I shall now examine the three elements in greater detail.

Modern Federal Jury Instructions
Instruction 87-68 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 13**

**<u>Definition</u>**

The first element of the plaintiff's claim is that the defendants acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope of action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if he acts violate state law; what is important is that the defendants were clothed with the authority of state law, and that the defendants' actions were made possible by virtue of state law.

Modern Federal Jury Instructions
Instruction 87-69 (Sand, 1997)

15

**Request No. 14**

**State Official Acting Under Color of State Law as a Matter of Law**

Whether the defendants committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide.  I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendant did commit those acts, I instruct you that, since the defendants were employees of Amtrak at the time of the acts in question, they were acting under color of state law. **[sentence deleted].**

Modern Federal Jury Instructions
Instruction 87-70 (Sand, 1997)

16

**Request No. 15**

**<u>Private Actor Engaged in State Action</u>**

Whether the defendants committed the act alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendants did not commit those acts, I instruct you that the defendants were acting under color of state law. Although this is a case against a private individual and not against a state official, I am instructing you that the relationship between the defendants and the state were sufficiently close so that the defendants were acting under color of state law.

**[sentence deleted].**

Modern Federal Jury Instructions
Instruction 87-72 (Sand, 1997)

17

**Request No. 16**

**<u>General Instruction</u>**

The second element of plaintiff's claim is that Miguel Crespo was deprived of a federal right by the defendants.

In order for the plaintiff to establish the second element, plaintiff must show these things by a preponderance of the evidence.

First, that the defendants committed the acts alleged by plaintiff;

Second, that those acts caused Miguel Crespo to suffer the loss of a federal right; and

Third, that, in performing the acts alleged, the defendants acted intentionally or recklessly.

Modern Federal Jury Instructions
Instruction 87-74 (Sand, 1997)

18

**Request No. 17**

**<u>Unlawful Arrest</u>**

Plaintiff claims to have been unlawfully arrested. The United States Constitution provides that no person may be arrested without due process of law. This means that a person may not be arrested without probable cause for such an arrest. A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime.

Before you can determine whether plaintiff was deprived by the defendant police officers of plaintiff's liberty "without due process of law," you must determine from a preponderance of the evidence in the case:

First:  Whether each defendant police officer committed the acts alleged; and if so,

Second:  Whether each defendant police officer acted under circumstances within or without the bounds of their lawful authority. If defendant police officers acted within the limits of their lawful authority, then defendant police officers could not have deprived plaintiff of any right "without due process of law."

With respect to the element of whether each defendant police officer committed the acts alleged, the law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for plaintiff to prevail on his claims, there must be some evidence of person involvement by each defendant.[1] Under the law, a defendant is considered to have been personally involved in constitutional

---

[1] See *Williams v. Smith*, 781 F.2d. 319, 323 (2d. Cir 1986)

19

violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement for each defendant for the constitutional violation alleged by the plaintiff. If you find that a defendant as not personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on and determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights.

With respect to the element of whether each defendant police officer acted within his bounds of authority, under the Fourth Amendment to the United States Constitution, police officers may not arrest a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to the officer re sufficient to warrant a prudent person in believing that the suspect has committed a crime. An arrest made with probable cause is lawful even if the Plaintiff actually did not commit the crime.[2] The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[3]

The existence of probable cause is measured at the moment of arrest, not based on later developments.[4] This is why the ultimate disposition of the criminal charges against Plaintiff is irrelevant to this question.[5] So long as there is probable cause, a Defendant is not required to

---

[2] See *Torraco v. Port Auth. Of N.Y. & N.J.*, 615 F.3d 129, 139 (2d. Cir. 2010).

[3] See *Montes v. Kings*, No. 00 Civ. 4707, (RCC), 2007 U.S. Dist. Lexis 14464, (S.D.N.Y 2002); *Marshall v. Sullivan*, 105, F.3d. 47, 54 (2d. Cir. 1996); *Annunziata v. City of New York*, No. 06 Civ. 7637 (SAS).

[4] *Coons v. Casabella*, 284 F.3d. 437, 441 (2d. Cir. 2002) (internal quotation omitted); see also *Jocks v. Tavernier*, 316 F.3d. 128, 135-36 (2d. Cir. 2003); *Jean v. Montina*, 412 Fed. Appx. 352, 353-54 (2d. Cir. 2011).

[5] Adopted from *Manigualt v. Brown*, No. 11 Civ. 4307 (LAK) and *Benushi v. Palmer*, No. 08 Civ. 2937 (EDNY) (KAM).

explore every theoretical claim of innocence before an arrest.[6] Defendant has no duty to

investigate any claims of innocence made by a Plaintiff or anyone else.[7] And, probable cause is

not defeated simply because a Defendant ignored any statements of innocence by a Plaintiff or

his witnesses.[8] In determining whether defendant police officers had reasonable ground to

believe that a person has committed an offense, the facts known to defendant police officers need

not meet the standard of conclusiveness upon which a conviction must be based. Rather, the

actions of defendant police officers in making an arrest are to be measured by the test of what a

reasonable person would have believed under the same circumstances. Probable cause can exist

even where it is based on mistaken information, so long as the Defendant acted reasonably and in

good faith in relying on that information.[9]

     The existence of probable cause is not measured by the strict standards required for

criminal conviction.[10] A defendant need not have been convinced beyond a reasonable doubt at

the time of an arrest that a criminal offense was being or had been committed. Before making an

arrest, if the Defendant has probable cause, he or she need not also believe with certainty that the

Plaintiff will be successfully prosecuted.[11] Probable cause requires only a fair probability that an

---

[6] *Panetta v. Crowley*, 460 F.3d. 388, 396 (2d. Cir. 2006).

[7] *Panetta*, 460 F.3d. at 396. See also Annunziata v. City of New York, No. 06 Civ 7637 (SAS).

[8] *Jean v. Montina*, 412 Fed. Appx. 352, 353-54 (2d. Cir. 2011).

[9] See *Dawson v. Snow*, 356 Fed. Appx. 526 (2d. Cir. 2009).

[10] Adopted from *Manigault v. Brown*, 11 Civ. 4307 (LAK).

[11] See *Curley v. Village of Suffern*, 268 F.3d. 65, 70 (2d. Cir. 2001).

offense has been or is being committed. The existence of probable cause is measured as of the moment of arrest, not on events which develop after the arrest is made. Plaintiff's actual guilt or innocence is irrelevant to the determination of probable cause. Additionally, there need not have been evidence proving each of the elements of the offense at the time of the arrest.[12] Many crimes require that the individual commit an act with a certain intention or state of mind. However, for the purposes of probable cause, when a Defendant has evidence that Plaintiff engaged in conduct prohibited by law, including a crime or a violation, he or she has probable cause to arrest the Plaintiff even without specific evidence on the elements of knowledge and intent that will have to be proved by the prosecutor to secure a conviction at trial.[13] This is supported by the law's general recognition that the fact that an innocent explanation may be consistent with the facts as alleged does not negate probable cause.[14]

Finally, you cannot take into account any perceptions you may have regarding the Defendant's underlying intent or motivation. Even if a Defendant acts with evil intentions, the Defendant will not have violated the law if had had probable cause under the circumstances.[15]

The question for you to answer is whether the defendant police officers in this case had, by a preponderance of the evidence, probable cause to believe that Plaintiff was committing, or

---

[12] See *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004); *Michigan v. DeFilippo*, 443 U.S. 31, 36 (1979).

[13] See *McGuire v. City of New York*, 142 Fed. Appx. 1, 3 (2d. Cir. 2005).

[14] See *McGuire v. City of New York*, 142 Fed. Appx. 1, 3 (2d. Cir. 2005).

[15] Adopted from *Spero v. Tudor*, No. 11 Civ. 4850 (BMC) (EDNY).

22

had committed, any crime or offense - not only the ones with which Plaintiff was ultimately charged - but rather, any crime or offense.

Now in order for you to assess whether there was probable cause for the Defendant to arrest the Plaintiff, I will instruct you briefly on the crime for which the Defendant contends there was probable cause. Bear in mind, however, that the issue for you to decide is only whether the police had probable cause for the arrest, not whether the Plaintiff was in fact guilty of any crime and not even whether he was charged with a particular crime or offense.

Defendants contend that there was probable cause to arrest plaintiff for criminal impersonation in the second degree in violation of N.Y. Penal Law §190.25(3) and for reckless endangerment in the second degree in violation of N.Y. Penal Law § 120.20.

A person is guilty of criminal impersonation in the second degree when he pretends to be a public servant, or wears or displays without authority any uniform, badge, insignia, or facsimile thereof by which such public servant is lawfully distinguished, or falsely expresses by his words or actions that he is a public servant or is acting with approval or authority of a public agency or department.[16]

A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.[17]

O'Malley, Grenig & Lee
3B Federal Jury Practice and Instructions § 165:21 (6th Ed. 2018) (modified)

---

[16] N.Y. Penal Law §190.25(3).
[17] N.Y. Penal Law § 120.20.

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 18**

**<u>Officers' Knowledge in Determining Probable Cause</u>**

In determining whether the defendant officers had probable cause to arrest plaintiff, you must consider the facts available to the officers at the time of the arrest. Officers do not have a duty to investigate exculpatory defenses offered by the person being arrested or assess the credibility of unverified claims of justification before making an arrest.

*Ricciuti v. N.Y.C. Transit Auth*, 124 F.3d. 123, 128 (2d. Cir. 1997);
*Jocks v. Tavernier*, 316 F.3d. 128, 136 (2d. Cir. 2003)

24

**Request No. 19**

**<u>State of Mind - General</u>**

To establish a claim under 1983, the plaintiff must show that the defendant acted

intentionally or recklessly. If you find that the acts of the defendants were merely negligent, then,

even if you find that Miguel Crespo was injured as a result of those acts, you must return a

verdict for the defendants.

Modern Federal Jury Instructions
Instruction 87-75 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 20**

**<u>State of Mind - Intentional</u>**

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of a mistake, accident, negligence or other innocent reason. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Modern Federal Jury Instructions
Instruction 87-76 (Sand, 1997)

26

**Request No. 21**

**<u>State of Mind - Recklessness</u>**

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acts with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Modern Federal Jury Instructions
Instruction 87-77 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 22**

**<u>Proximate Cause - Generally</u>**

The third element which plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by Miguel Crespo. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Miguel Crespo. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission. If an injury was a direct result of a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover for damages for any injury, the plaintiff must show a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause Miguel Crespo's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Defendants are not liable if Miguel Crespo's injury was caused by a new or independent

28

source of an injury which intervenes between the defendants' act or omission and Miguel

Crespo's injury and which produces a result which was not reasonably foreseeable by the

defendants.

Modern Federal Jury Instructions
Instruction 87-79 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 23**

## Qualified Immunity

At the time of the incident giving rise to the lawsuit, it was clearly established law that a person may not be arrested without probable cause. Even if you find that the defendants did not have probable cause to arrest Miguel Crespo, however, the defendants still may not be liable to the plaintiff. This is so because the defendants may be entitled to what is called a qualified immunity. If you find that they are entitled to such an immunity, you may not find them liable.

The defendants will be entitled to a qualified immunity if, at the time they arrested Miguel Crespo, they had arguable probable cause to arrest Miguel Crespo. Arguable probable cause exists if either:

(a)  it was objectively reasonable for the officers to believe that probable cause existed; or

(b)  officers of reasonable competence could disagree on whether the probable cause test was met.

The simple fact that the defendants acted in good faith is not enough to bring them within the protection of this qualified immunity. Nor is the fact that the defendants were unaware of the federal law. The defendants are entitled to a qualified immunity only if they did not know what they did was in violation of federal law and if a competent police officer could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendants' conduct, you may consider the nature of defendants' official duties, the character of their official position, the information which was known to defendants or not known to them, and the events which confronted them. You must ask yourself what reasonable officers in

30

defendants' situation would have believed about the legality of defendants' conduct. You should not, however, consider what the defendants' subject intent was, even if you believe it was to harm Miguel Crespo. You may also use your common sense. If you find that reasonable officers in defendants' situation would have believe their conduct to be lawful, then this element will be satisfied.

The defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law. If the defendants convince you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, then you must return a verdict for the defendants, even though you may have previously found that the defendants in fact violated Miguel Crespo's rights under color of state law.

Modern Federal Jury Instructions
Instruction 87-86 (Sand, 1997) (modified);
*Escalera v. Lunn*, 361 F.3d. 737, 743 (2d. Cir. 2004)

31

**Request No. 24**

**<u>False Arrest</u>**

As you have heard, the plaintiff seeks damages for false arrest. A person commits a false arrest if he or she intentionally and without the right to do so arrests or takes into custody another person who is aware of the arrest and does not consent to it.

Plaintiff claims that the defendants arrested him without a warrant for criminal impersonation. The defendants admit that they arrested plaintiff and that they did not have a warrant, but say that under the circumstances the arrest was lawful.

The defendants, as police officers, had the right to arrest plaintiff without a warrant if they had reasonable cause to believe that plaintiff committed a crime or crimes. The must prove that they had reasonable cause for believing that a crime had been committed and that plaintiff was the person who had committed it.

Reasonable cause for plaintiff's arrest existed if the facts and circumstances known to the defendants or the information that they had before making the arrest, were such as to lead a reasonably prudent person to believe that plaintiff committed a crime. If the arrest of plaintiff was made with reasonable cause it was lawful even though plaintiff was not convicted of the crime for which he was arrested.

The defendants claim that at the time they arrested plaintiff the facts as they appeared to them were that plaintiff was falsely expressing himself as a public servant by displaying a badge. If you find that the facts appeared to the defendants as they claim and that a reasonably prudent person would have believed that those were the facts, your finding will be that the defendants had reasonable cause to believe that both a crime had been committed, and plaintiff had

32

committed it, and your finding will be that there was no false arrest. The defendants further claim that plaintiff appeared to be intoxicated and that they were concerned that he could be a danger to himself or others, if in fact he was a police officer and carrying a firearm. The defendants believed he could be guilty of the crime of reckless endangerment if he were intoxicated and carrying a weapon.

If you find that the facts as they appeared to the defendants were not as they claim or that it was not reasonable for them to have believed that those were the facts or that it was not reasonable for them to conclude plaintiff had committed a crime, your finding will be that the officers did not have reasonable cause for the arrest and that there was a false arrest.

Adapted from PJI 3:5
Intentional Torts–Interference with Person or Property–False Arrest

33

**Request No. 25**

**<u>Assault</u>**

This is an action to recover damages for assault. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.

The plaintiff claims that defendant, Sgt. Nativo, intentionally shoved plaintiff and kicked his back foot while under arrest. Defendants deny defendant Sgt. Nativo did so. If you find that defendant Sgt. Nativo did intentionally shove plaintiff and kick his back foot while under arrest, and that defendant Sgt. Nativo intended by doing so to cause the plaintiff to become apprehensive that a harmful bodily contact was about to occur, and that defendant Sgt. Nativo had the real or apparent ability to carry out the threat, and that the plaintiff had such

34

apprehension, you will find that defendant Sgt. Nativo committed an assault.

If you find that defendant Sgt. Nativo intentionally took these actions but the defendant did not intend to cause the plaintiff to become apprehensive that a harmful bodily contact was about to occur, or that the plaintiff did not become apprehensive, you will find that defendant Sgt. Nativo did not commit an assault.

PJI 3:2 Intentional Torts–Interference with Person or Property–Assault

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 26**

**<u>Battery</u>**

One who seeks to make a lawful arrest or holds another person lawfully in custody has the right to use as much force as he reasonably believes necessary in order to make the arrest, prevent such person's escape and can be held liable only if the force used was excessive.

Plaintiff claims that defendant Sgt. Nativo intentionally shoved plaintiff and kicked his back foot while under arrest.  Defendants deny that defendant Sgt. Nativo did so.

If you conclude that Sgt. Nativo did not intentionally shove or kick plaintiff, then you must find the defendant Sgt. Nativo did not commit a battery against plaintiff.

Taking into consideration all of the circumstances existing at the time and place of the incident, if you find that it was not reasonable for defendant to believe that plaintiff was resisting arrest, then defendant was not justified in using force at all and you will find that defendant committed a battery. If, however, you find that defendant reasonably believed that plaintiff was resisting arrest, and that defendant was justified in using force to the extent that defendant reasonably believed it necessary to make the arrest, you must then decide whether the force used was reasonably believed by defendant to be necessary. In making that decision, you must take into consideration all of the circumstances confronting defendant at the time and place of the incident, including what defendant saw and heard. Defendant was not required, at his own peril, to measure the precise amount of force necessary.  If by these standards defendant used excessive force to accomplish his purpose, defendant committed a battery and is liable for damages resulting from his act.

If you find that defendant reasonably believed that plaintiff was resisting arrest and that

4838-2750-0777v.1
4820-5506-6364v.1

defendant used no more force than defendant reasonably believed necessary to make the arrest, you will find that defendant committed no battery. If you find that defendant did not reasonably believe that plaintiff was resisting arrest, or you find that defendant did not reasonably believe the force used was necessary under the circumstances, you will find that defendant committed a battery.

PJI 3:4 Intentional Torts–Interference with Person or Property–Battery Committed in Performance of Public Duty or Authority

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 27**

**<u>Excessive Force</u>**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the arrest.

In the instant case, the plaintiff claims that Miguel Crespo was subjected to excessive force by defendant Sgt. Nativo after the defendants arrested Miguel Crespo.  Again, you first must determine whether defendant Sgt. Nativo intentionally committed the alleged acts.  To determine whether the acts caused Miguel Crespo to suffer the loss of a federal right, you must determine whether the amount of force used while plaintiff was in custody was that which a reasonable officer would have employed in effecting the arrest under similar circumstances.  In making this determination, you may take into account the severity of the crime at issue, whether Miguel Crespo posed an immediate threat to the safety of the defendants or others, and whether Miguel Crespo actively resisted arrest or attempted to evade arrest by flight.  However, you do not have to determine whether the defendants had less intrusive alternatives available for the defendants need only to have acted within that range of conduct identified as reasonable.  If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

Modern Federal Jury Instructions
Instruction 87-47C (Sand, 1997) (modified)

38

**Request No. 28**

**<u>Causation and Damages</u>**

I have said that you may award damages only for those injuries which you find the plaintiff has proven a preponderance of evidence to have been the direct result of conduct by the defendants in violation of section 1983, in unlawfully arresting plaintiff.  You must distinguish between, on the one hand, the existence of a violation of the Miguel Crespo's rights and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that the defendants deprived Miguel Crespo of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that plaintiff claims he suffered.

The defendants may avoid damages if they can show that, even absent the deprivation of procedural due process alleged by the plaintiff, that the defendants, would have reached the same decision with regard to Miguel Crespo and, therefore, that, even absent the deprivation of procedural due process alleged by the plaintiff, Miguel Crespo would have suffered the same harm. The burden is on the defendants to prove that they would have reached the same decision at the time of the violation of Miguel Crespo's rights; the defendants may not rely upon factors discovered by them after the decision was made to prove that they would have reached the same decision at the time of the violation.

If you find that the damages suffered by Miguel Crespo were partly the result of the conduct by the defendants that was lawful and partly the result of conduct by the defendants that was unlawful, you must apportion the damages between the lawful and the unlawful conduct – that is, you must assess the relative importance of the lawful and the unlawful conduct and

allocate the damages accordingly.

Modern Federal Jury Instructions
Instruction 87-89 (Sand, 1997)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 29**

**<u>Compensatory Damages</u>**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe Miguel Crespo actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence.  Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven a preponderance of evidence to have been the direct result of conduct by the defendants in violation of section 1983.  That is, you may not simply award actual damages for any injury suffered by Miguel Crespo – you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a direct result of conduct by defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

Modern Federal Jury Instructions
Instruction 87-87 (Sand, 1997)

41

**Request No. 30**

**<u>Compensatory Damages Not Guesswork</u>**

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Modern Federal Jury Instructions
Instruction 77-3 (Sand, 1997)
(third paragraph)(modified)

42

**Request No. 31**

**<u>Damages-Reasonable-Not Speculative</u>**

If you decide to award damages, they must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award plaintiff only such damages as will reasonably compensate plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, resulted in whole or in part from the unlawful conduct of the defendants.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.& Instr.<br>§ 85.14 (4th ed. 1987) (modified)

**Request No. 32**

**<u>Mitigation of Damages</u>**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damages.

If you fund the defendants are liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he could have avoided through such reasonable effort.  If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendants' burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants

4838-2750-0777v.1
4820-5506-6364v.1

have satisfied their burden of proving that the plaintiff's conduct was not reasonable.

Modern Federal Jury Instructions
Instruction 77-7 (Sand, 1997)

45

**Request No. 33**

**<u>Damage Award Is Not Taxable</u>**

If you make any award of damages, the award will not be subject to any income taxes and

you should not consider such taxes in fixing the amount of the damages awarded, if any.

<u>Norfolk & Western Ry. Co. v. Liepelt</u>,
444 U.S. 490, 492, 496-498 (1980).

<u>See</u> Mod. Fed. Jury Instr. Ch. 89
Instruction 89-36 (Matthew Bender 1997)

46

**Request No. 34**

**<u>Nominal Damages</u>**

If you find for plaintiff Miguel Crespo, but you find plaintiff Miguel Crespo has failed to

prove actual damages, you shall return an award of nominal damages not to exceed one dollar.

The mere fact that a constitutional deprivation has been shown to have occurred is an injury to

the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

O'Malley, Grenig & Lee, 3B Federal Jury Practice and Instructions
§ 165:70 (6th Ed. 2018) (modified)

**Request No. 35**

**<u>Attorneys' Fees</u>**

The award for attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to the plaintiff, you should not take into consideration whether the plaintiff has to pay any sum of money to his attorneys.

48

Request No. 36

## **Punitive Damages**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendants for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Miguel Crespo and against defendants Amtrak, Sgt. Gernon, or Sgt. Nativo, and if you find the individual conduct of each of those defendants was recklessly and callously indifferent to plaintiff's constitutional rights, then, in addition to any other damages to which you find Miguel Crespo entitled, you may, but are not required to, award Miguel Crespo an additional amount as punitive damages if you find it is appropriate to punish or deter those defendants individually and others from like conduct in the future. Whether to award Miguel Crespo punitive damages and the amount of those damages are within your sound discretion.

An act is malicious and reckless if it is done in such a matter, and under such circumstances as to reflect utter disregard for the potential consequences of the act on the safety or rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future.

Punitive damages may only be awarded if the plaintiff has proven by a preponderance of the evidence that any defendant you have found liable committed an act of misconduct that was

49

especially shocking and offensive. You do not have to award punitive damages if you find in favor of the plaintiff on any of his claims. If you decide to award punitive damages, you must use sound reason in setting the amount - it must not reflect bias, prejudice, or sympathy toward any party.

You may assess punitive damages against any and all of the defendant officers that you have found liable to plaintiff, or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

O'Malley, Grenig & Lee, 3B Federal Jury Practice and Instructions
§ 165:71 (6th Ed. 2018)

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 37**

**<u>No Punitive Damages Against Amtrak</u>**

Punitive damages may not be imposed against Amtrak as it performs an essentially governmental function and is heavily supported by tax revenues. Accordingly, if you find that any of the defendant officers and Amtrak are liable to the plaintiff and that punitive damages are appropriate, you may not award punitive damages against Amtrak or consider Amtrak's ability to pay in awarding any punitive damages against the defendant officers.

Adapted from New York Pattern Jury Instruction -
Civil PJI 2:278 - Punitive Damages Against Government Entities;
49 U.S.C. § 28103

51

**Request No. 38**

<u>**Punitive Damages - Clear and Convincing Evidence Required**</u>

In order to sustain his burden of proof on his claims for punitive damages, plaintiff must establish through clear, unequivocal, and convincing evidence that defendants engaged in wanton and reckless, or malicious conduct.

To decide for the plaintiff it is not enough to find that the preponderance of the evidence in the plaintiff's favor. A party must prove his case by a preponderance of the evidence only need satisfy you that the evidence supporting his case more nearly represents what actually happened than the evidence of which is opposed to it. But a party who must establish his case by clear and convincing evidence must satisfy you that the evidence is unequivocal that defendants' conduct was especially shocking and offensive, not merely unreasonable. If, upon all the evidence, you are satisfied that there is a unequivocal evidence that the defendant officers' conduct was not especially shocking and offensive, you must not award punitive damages.

*Randi v. Long Island Surgi-Ctr.*, 46 A.D.3d. 74 (2d. Dept. 2007);
*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d. 489, 526
(S.D.N.Y. 2011); N.Y. PJI 2:278

4838-2750-0777v.1
4820-5506-6364v.1

**Request No. 39**

**<u>No Duty to Call All Witnesses</u>**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

53

4838-2750-0777v.1
4820-5506-6364v.1

Dated:  New York, New York
        September 27, 2021

                              Yours, etc.,

                              LANDMAN CORSI BALLAINE & FORD P.C.

                         By:    /s/ Ronald E. Joseph
                              Ronald E. Joseph
                              Patricia U. Hines
                              Attorneys for Defendants
                              120 Broadway 13th Floor
                              New York, New York 10271
                              (212) 238-4800
                              rjoseph@lcbf.com
                              phines@lcbf.com

TO:      Gregory Paul Mouton Jr., Esq.
         Law Office of Gregory P. Mouton, Jr., LLC
         Attorneys for Plaintiff
         1441 Broadway, 6th Floor
         New York, New York 10018
         (646) 706-7481
         gmouton@moutonlawnyc.com

                                   54